# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY L. SPIKES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-05-369-FHS-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

The claimant Gary L. Spikes requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for benefits. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision should be REVERSED and REMANDED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only "if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the

national economy[.]" *Id.* § 423(d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997), *citing Pacheco v. Sullivan*, 931 F.2d 695, 696 (10th Cir. 1991). The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of [the] evidence must take into account whatever in the

---

[1] Step one requires the claimant to establish he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id.* §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work the claimant can perform existing in significant numbers in the national economy, taking into account the claimant's age, education, work experience and RFC. Disability benefits are denied if the Commissioner can show that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on January 3, 1978, and was twenty-seven (27) years old at the time of the administrative hearing. He has a high school education and vocational training as a truck driver. He has previously worked as a truck driver, livestock farmer, tractor mechanic and served in the U.S. Army with an MOS in communications. He alleges he has been unable to work since May 4, 2003, because of a motor vehicle accident resulting in incomplete paraplegia; numbness in his limbs, particularly the left lower extremity; and resulting pain.

## Procedural History

On June 3, 2003, the claimant protectively filed an application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and an application for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1385. The applications were denied. ALJ Michael Kirkpatrick conducted a hearing and found that the claimant was not disabled on March 26, 2005. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that the claimant had the residual functional capacity ("RFC") to perform light work, *i. e.*,

that he could lift no more than twenty pounds occasionally and no more than ten pounds frequently, and that he could stand or walk and sit six hours out of an eight-hour work day. The claimant was limited to only occasional climbing, balancing, stooping, kneeling, crouching, and crawling (Tr. 21). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work in the regional and national economies he could perform, *e. g.*, sales attendant, housekeeper/cleaner, and cashier (Tr. 23-24).

**Review**

The claimant contends that the ALJ erred: (i) by failing to properly evaluate medical evidence provided by his treating physicians, Dr. Brown and Dr. Thyen; (ii) by finding he had the RFC to perform substantial gainful activity, and (iii) by improperly analyzing his credibility. The undersigned Magistrate Judge finds the first contention dispositive.

Dr. Brown treated the claimant during the period under review for benefits until the doctor moved out of state (Tr. 304-07, 308-11, 358). In June 2003, he noted that the claimant sustained a number of injuries in an automobile accident, *e. g.*, a right superior/inferior pubic rami fracture, an L1, L2, L4 burst fracture of the lumbar spine, 90% compromise of the spinal canal and had decompression at L3, L4 and T11 through L5. The claimant had fusions done at T11 through L5 and at L3 through L5 with pedicle screws and placement of a synex cage. All of this left him with incomplete paraplegia resulting in left foot drop and with paresthesias of the right lower extremity to mid thigh. Dr. Brown noted specifically that the claimant walked with a cane (Tr. 306). By July 2003, the claimant continued to suffer from

"significant lower extremity weakness with left foot drop." (Tr. 305). At his appointment in October 2003, the claimant had numbness in his hands and feet and still walked with a cane (Tr. 304). Dr. Brown indicated in a letter from December 2003 that the claimant suffered "left lower extremity paraplegia with foot drop [and] ambulate[d] minimally with assistance of [a] cane and brace." He opined that these conditions along with "constant pain" precluded the claimant from engaging in "gainful employment at this time." (Tr. 311). In progress notes from June 2004, Dr. Brown did indicate, however, that the claimant had a good attitude about recovery and working again (Tr. 308).

The ALJ's primary reason for discrediting Dr. Brown's opinions was that "[he] rendered an opinion on the ultimate issue of disability, which [was] reserved to the Commissioner." (Tr. 19).[2] Dr. Brown's conclusion that the claimant was unable to work clearly was an opinion on an issue reserved solely to the Commissioner. *See* 20 C.F.R. §§ 404.1527(e)(1), (2), 416.927(e)(1), (2) (noting that opinions that claimant is disabled, unable to work, or that an impairment meets or equals the requirements of any impairment in the Listing of Impairments "are not medical opinions, as described in paragraph (a)(2) of this section, but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability."). But this was not the only opinion rendered by Dr. Brown, *e. g.*, his treatment notes reflect the claimant's use of a cane to walk and he specifically opined that

---

[2] The ALJ also found that Dr. Brown's opinion that the claimant was unable to work was contrary to the medical advice that he gave the claimant, *i. e.*, that he should attend vocational retraining and return to work (Tr. 19).

the claimant needed a cane to walk. This clearly was a medical opinion Dr. Brown was entitled to render, *see* 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2) ("Medical opinions are statements from physicians . . . that reflect judgments about the nature and severity of [a claimant's] impairment(s), including . . . symptoms, diagnosis and prognosis, what [a claimant] can still do despite impairment(s), and . . . physical or mental restrictions."), and the ALJ should not have rejected simply because Dr. Brown also opined that the claimant was unable to work.

On the contrary, the ALJ should have afforded controlling weight to any medical opinions expressed by Dr. Brown if they were "well-supported by medically acceptable clinical and laboratory diagnostic techniques [and] consistent with other substantial evidence in the record." *See Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004), *quoting Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). Even if Dr. Brown's medical opinions were not entitled to controlling weight, the ALJ was required to determine the proper weight to give them by analyzing *all* of the factors set forth in 20 C.F.R. §§ 404.1527, 416.927. *See Langley,* 373 F.3d at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, '[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [§] 404.1527 [and § 416.927].'"), *quoting Watkins*, 350 F.3d at 1300. Those factors are the following: (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is

supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and, (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Watkins,* 350 F.3d at 1300-01, *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001). Finally, if the ALJ intended to reject outright any medical opinion from a treating physician such as Dr. Brown, he was required to "give specific, legitimate reasons for doing so." *Id*. at 1301 [citation omitted].

The ALJ *did* acknowledge Dr. Brown's treatment notes indicating that the claimant used a cane for walking, but ultimately concluded quite simply that "[a]t some point . . . the claimant no longer required the use of a cane, since it was no longer noted by Dr. Brown." (Tr. 19). The ALJ neither evaluated Dr. Brown's opinion for controlling weight nor discussed the proper weight to give it under 20 C.F.R. §§ 404.1527, 416.927. Further, although the ALJ did give a reason for rejecting the opinion outright, it does not appear to be a legitimate one; Dr. Brown specifically opined that the claimant needed a cane to walk *after* his notes failed to mention the claimant's cane. The ALJ's conclusion that the claimant no longer needed a cane would thus seem to be the erroneous substitution of his own opinion for that of the claimant's treating physician. *See, e. g., Kemp v. Bowen*, 816 F.2d 1469, 1476 (10th Cir. 1987) ("While the ALJ is authorized to make a final decision concerning disability, he can not interpose his own 'medical expertise' over that of a physician[.]") [citations omitted]. At a minimum, the ALJ should have recontacted Dr. Brown for clarification before rejecting his opinion outright. *See, e.g., McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th

Cir. 2002) ("[I]f the ALJ believed that the matter was *open to question*, he had an obligation under the applicable regulations to obtain additional information from Dr. Luc before rejecting the report outright.") [emphasis added]. *See also Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) ("If the ALJ concluded that Dr. Baca failed to provide sufficient support for his conclusions about the claimant's . . . limitations, the severity of those limitations, [or] the effect of those limitations on her ability to work . . . he should have contacted Dr. Baca for clarification of his opinion before rejecting it."). The question whether the claimant needed a cane to walk was significant here because of its potential impact on the claimant's ability to climb and balance, both of which the ALJ found the claimant could do at least occasionally.[3]

Accordingly, the decision of the Commissioner should be reversed and the case remanded to the ALJ for a proper analysis of the medical opinions expressed by Dr. Brown

---

[3] The claimant argues that the ALJ failed to properly consider the medical source statement completed by Dr. Thyen. Much of this argument is unpersuasive. For example, the ALJ was not required to give controlling weight to any opinions expressed by Dr. Thyen, because he was not a treating physician; neither his own notes nor the claimant's testimony indicate otherwise. *See, e. g., Doyal v. Barnhart*, 331 F.3d 758, 763 (10th Cir. 2003) (finding that in order for a treating physician relationship to exist, the physician must have "seen the claimant 'a number of times and long enough to have obtained a longitudinal picture of [the claimant's] impairment[.]'"), *quoting* 20 C.F.R. § 416.927(d)(2)(i), (ii). *See also* 20 C.F.R. § 404.1527(d)(2)(i), (ii). Further, the ALJ gave reasons for rejecting at least some of Dr. Thyen's opinions, *e. g.*, his opinions as to the claimant's ability to sit, stand, or walk, which the ALJ found were "inconsistent with the claimant's testimony and the medical records" (Tr. 19-20). But the ALJ did not explain what medical evidence was inconsistent with Dr. Thyen's opinion that the claimant could not perform any pushing and pulling with the left lower extremity, a limitation that would seem particularly tenable in that the claimant suffers from incomplete paraplegia with numbness and foot drop on that extremity. The ALJ should therefore discuss on remand the evidence justifying his rejection of this limitation imposed by Dr. Thyen. *See, e. g., Clifton v. Chater,* 79 F.3d 1007, 1010 (10th Cir. 1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."), *citing Vincent ex rel. Vincent v. Heckler,* 739 F.2d 1393, 1394-95 (9th Cir. 1984).

and Dr. Thyen. Since this analysis may in turn affect the ALJ's determination of the claimant's credibility and his RFC, the undersigned Magistrate Judge declines to address the claimant's second and third contentions at this time. On remand, the ALJ should: (i) recontact Dr. Brown, if possible, for information regarding the claimant's use of his cane; (ii) reconsider Dr. Thyen's opinion that the claimant suffered limitations in pushing and pulling in the lower extremities and explain what medical evidence, if any, is inconsistent therewith; and, (iii) determine what impact, if any, such further consideration has on the claimant's ability to work.

## Conclusion

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner be REVERSED and the case REMANDED. The parties are herewith given ten (10) days from the date of this service to file with the Court Clerk any objections with supporting brief. Failure to object to the Report and Recommendation will preclude appellate review of the judgment of the District Court based on such findings.

**DATED** this 15th day of October, 2007.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**